ALD-222                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1946
_____

IN RE:  RICHARD PIERCE,
                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Crim. No. 08-cr-00245-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 1, 2014
Before:  RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

(Filed: May 14, 2014)
_____

OPINION
_____

PER CURIAM

        Richard Pierce has filed a petition for a writ of mandamus.  For the reasons below,

we will deny the petition.

        Pierce pleaded guilty to one count of conspiracy to distribute five kilograms or

more of cocaine.  In his plea agreement, Pierce acknowledged that he faced a mandatory

minimum sentence of life in prison and waived his right to appeal or collaterally attack

his conviction and sentence.  The District Court departed from both the mandatory

minimum and the guidelines range and sentenced Pierce to 180 months in prison.  Pierce

appealed, and we upheld the appellate wavier and affirmed his sentence and conviction. See C.A. No. 10-3328.

In July 2012, Pierce filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. The District Court dismissed the motion on August 23, 2013, and on September 16, 2013, Pierce filed a motion pursuant to Fed. R. Civ. P. 60(b). On April 22, 2014, Pierce filed this mandamus petition in which he requests that we order the District Court to act on his pending Rule 60(b) motion.

A writ of mandamus should be issued only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). Determining whether an extraordinary circumstance exists requires a two-part inquiry. First, it must be established that there is no alternative remedy or other adequate means of relief. Second, a petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. United States District Court, 426 U.S. 394, 403 (1976). Generally, mandamus relief is used to "confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943).

Here, Pierce does not have an alternative remedy to direct the District Court to act on his pending motions. However, the delay in this case has not risen to the level of an extraordinary circumstance. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). We are confident that the District Court will act on Pierce's Rule 60(b) motion in a timely manner. Accordingly, we will deny the mandamus petition without prejudice to refiling if the District Court does not act within 120 days.